UNITED STATES DISTRICT COURT879
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------x
ADRIANA JARAMILLO BAILON
on behalf of herself, and those similarly situated,

      Plaintiff

  v.

QSR MANAGEMENT LLC, HYLAN-QUINTARD LLC,
ROSSVILLE WOODROW LLC, AMBOY-CLARKE LLC,
ANTON NADER, MOHAMMAD LNU, and HIRAM LNU,
jointly and severally,

      Defendants.
---------------------------------------------------------------------------------x

No.: 22-cv-879

**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT**

**WITH JURY DEMAND**

Plaintiff ADRIANA JARAMILLO BAILON (hereinafter "Plaintiff Bailon" or "Plaintiff"), on behalf of herself, and those similarly situated, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover unpaid overtime, unlawfully withheld spread of hours premium, and statutory penalties for notice-and-recordkeeping violations for Plaintiff and all others similarly situated. The named Plaintiff is an hourly employee, who has worked at Defendants' franchised stores, corporately owned and doing business as Dunkin' Donuts with establishments at 1300 Hylan Boulevard, 3291 Amboy Road, 655 Rossville Avenue and other Staten Island locations. Plaintiff has been supervised by Defendants Mohammad LNU and Hiram LNU whose full names are unknown to Plaintiff.

2. Defendants have deprived Plaintiff of minimum wage and overtime pay since at least on or about February 16, 2019 in violation of the Fair Labor Standards Act ("FLSA").

3. Defendants have deprived Plaintiff of minimum wage, overtime pay and spread of hours premium since at least on or about February 16, 2019 in violation of the New York Labor Law ("NYLL").

4. Defendants have violated notice-and-recordkeeping requirements by failing to provide statements along with wages listing the name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages. Defendants have further violated the requirement that they provide, upon employee request, explanations of how wages were calculated in violation of NYLL §195(3).

5. Defendants have violated notice-and-recordkeeping requirements by failing to provide employees with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

6. Plaintiff brings this action on behalf of herself and similarly situated current and former employees who elect to opt-in to this action pursuant to 29 U.S.C. §§201 *et seq.* of the FLSA, and specifically, the collective action provision of 29 U.S.C. §216(b), to remedy violations of the wage-and-hour provisions of the FLSA.

7. Plaintiff also brings this action on behalf of herself and similarly situated current and former employees pursuant to Rule 23 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) to remedy violations of Article 6, §§190 *et seq.*, and Article 19 §§650 *et seq.* of the NYLL and the supporting New York State Department of Labor regulations.

**JURISDICTION AND VENUE**

8. Jurisdiction is proper as this Court has original federal question jurisdiction under 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§201, *et seq.* This Court has supplemental jurisdiction over the NYLL claims, as they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

9. As stated below Defendants are employers engaged in commerce as defined in the FLSA, 29 U.S.C. §203(s).

10. Upon information and belief, Defendants are subject to personal jurisdiction in the State of New York since they perform business in Richmond County, State of New York.

11. Venue is proper in this District because all Defendants conduct business in this Judicial District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

### DEFENDANTS

12. Defendant Hylan-Quintard LLC is a New York limited liability company with its principal place of business located in Staten Island, New York.

13. Upon information and belief, Hylan-Quintard LLC (hereafter "Defendant Hylan") is the owner of a Dunkin' Donuts franchise shop located at 1300 Hylan Boulevard, Staten Island, New York, pursuant to a Franchise Agreement dated June 27, 2008.

14. Defendant Amboy-Clarke LLC is a New York limited liability company with its principal place of business located in Staten Island, New York.

15. Upon information and belief, Amboy-Clarke LLC (hereafter "Defendant Amboy") is the owner of a Dunkin' Donuts franchise shop located at 3291 Amboy Road, Staten Island, New York, pursuant to a Franchise Agreement dated June 12, 2012.

3

16. Defendant Rossville Woodrow LLC is a New York limited liability company with its principal place of business located in Staten Island, New York.

17. Upon information and belief, Rossville Woodrow LLC (hereafter "Defendant Rossville") is the owner of a Dunkin' Donuts shop located at 655 Rossville Avenue, Staten Island, New York, pursuant to a Franchise Agreement dated December 22, 2009 and its amendment.

18. Defendant QSR Management LLC (hereafter "Defendant QSR") is a New Jersey limited liability company that, upon information and belief, is engaged in the ownership and/or management of Dunkin' Donuts franchise shops owned and operated by Defendants Hylan, Amboy and Rossville.

19. Defendant Anton Nader is a natural person and is a citizen and resident of the state of New Jersey.

20. Defendant Nader is a member of each of the Defendant limited liability companies identified in Paragraphs 12 through 18 above. He personally guaranteed the obligations of each of these corporate Defendants pursuant to executed personal guarantees.

21. Upon information and belief, at all times relevant Defendant Nader possessed overall operational control of Defendant Corporations, an ownership interest in such, and controlled significant functions of the business.

22. Defendant Mohammed LNU was at all times the area manager of all the stores at which Plaintiff worked.

23. Defendant Mohammed LNU at all times relevant to this complaint has been the manager of Dunkin Donuts, has exercised control over Plaintiff' schedule, pay, and working conditions and exercised the right to hire and fire Plaintiff.

24. Defendant Hiram LNU was the store manager at the Hylan Blvd store at the time of Plaintiff's hire.

25. Defendant Hiram LNU at all times relevant to this complaint has been the manager of Dunkin Donuts, has exercised control over Plaintiff' schedule, pay, and working conditions and exercised the right to hire and fire Plaintiff.

26. Each Defendant jointly and severally employed Plaintiff at all times relevant to this complaint at one or more of their stores' locations. Each Defendant has had, individually and jointly, substantial control over Plaintiff's wages, hours and working conditions.

27. Reference to Defendants throughout this complaint is to all named defendants, and some John Doe managers unless a particular Defendant is specifically named.

28. Defendants are part of a single integrated enterprise that jointly employed Plaintiff at all times relevant to this complaint, as the Defendants are engaged in activities performed for a common business purpose as defined by FLSA, 29 U.S.C. § 203(r).

29. Upon information and belief, based on information provided by Plaintiff, an employee of Defendants, Dunkin Donuts is an enterprise whose annual gross volume of sales made, or business done, is in excess of $500,000. Specifically, Dunkin Donuts is a popular national chain with significant gross sales. As such, based on Plaintiff's personal knowledge of Defendants' business, as well as upon information and belief, Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. §203.

30. Upon information and belief, as well as first-hand knowledge of Plaintiff, an employee of Defendants, Dunkin Donuts regularly conducted interstate business. Specifically, Dunkin Donuts has regularly accepted credit card payments debiting funds from out-of-state bank

accounts. In addition, many of the staples served at the stores include products grown out of state such as chocolate and cinnamon.

31. Defendants are covered employers within the meaning of the 29 U.S.C. §203(d) and NYLL §190.

32. Upon information and belief, Defendants have had control over all employment practices at the Stores, including wages, scheduling and the hiring and firing of employees.

## PLAINTIFF

**Adriana Jamillo Bailon**

33. Plaintiff Adriana Jamillo Bailon (hereafter "Plaintiff Bailon") is an adult individual who is a resident of Richmond County (Staten Island), State of New York.

34. Plaintiff Bailon is a Hispanic woman and has at all times been perceived as an immigrant by Defendants.

35. Plaintiff Bailon was employed as a counterperson and stocker by Defendants from 2015 to on or about October 2, 2021.

36. As a delivery counterperson and stocker at Dunkin Donuts, Plaintiff Bailon was a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

## INDIVIDUAL FACTUAL ALLEGATIONS

37. Plaintiff Bailon was hired by the area manager Defendant Mohammad LNU and the store manager Defendant Hiram LNU who assigned her her shifts, coordinated her assignments and her pay.

38. At all times Plaintiff Bailon reported directly to Defendant Mohammad LNU and indirectly to Defendant Hiram LNU.

39. In the period from 2015 to in or about 2017 Plaintiff Bailon worked from 4:30am to 2pm for ordinarily five (5) or six (6) days per week.

40. Thus, in this period, Plaintiff worked 47.5 or 57 hours per week.

41. In the period from 2017 to in or about June 2021 Plaintiff Bailon worked from 4:30am to 2pm for ordinarily seven (7) days per week.

42. Thus, in this period, Plaintiff worked 66.5 hours per week.

43. In the period from July 2021 to September 2021, Plaintiff Bailon worked from 4:30am to 2pm for ordinarily seven (7) days per week as well as two (2) additional shifts on the weekend from 2pm to 10pm on Saturday and 1pm to 8pm on Sunday.

44. Thus, in this period, Plaintiff worked 81.5 hours per week.

45. At hire, Plaintiff was informed that she would be paid $12 per hour. At no time was Plaintiff paid $12 per hour.

46. Nor was Plaintiff paid overtime at any time.

47. In order to deprive Plaintiff of overtime, she was required to clock in and out using two different employee punch numbers under multiple false social security numbers that Defendant Mohammad secured for Plaintiff.

48. At the Hylan location, she was required to use two different punch codes.

49. At the Rossville location, she was required to use two different punch codes, one for her first four days' work, and another for the other days' work.

50. Plaintiff also worked at the Amboy Rd location.

51. Upon information and belief Plaintiff worked at store 10, 19 and 21.

52. Plaintiff was paid in cash by Defendant Mohammad each week.

53. Checks would be issued in the name of a third party connected to the punch number and arrive to the store on Friday.

54. Plaintiff would receive cash from Mohammad after he received it from the third party. On several occasions Mohammad arranged for Plaintiff to contact the third party directly to receive her pay.

55. Upon information and belief, some of the third parties were Dunkin Donuts workers and others were not.

56. Plaintiff was told she would receive $350 for her first four days worked and $90 per shift thereafter.

57. In fact, Plaintiff is not clear of her precise hourly rate, but she is aware that she was not paid minimum wage.

58. For example, one payment from September 2021, showing some of her hours worked that week, reflects that she was paid $256.16 for 21.12 hours worked, for an hourly rate of $12.14 per hour.

59. At all times relevant, Plaintiff Bailon worked primarily as a counterperson. At all times relevant she spent several hours per shift engaged in stocking and cleaning work, such as taking out the trash and restocking ingredients and unloading shipments, cleaning the sandwich stations and the ice machines. At all times, all cleaning took at least 2 to 3 hours per day to complete.

60. Additionally, on Fridays, when shipments were received, she spent an additional 2 hours unloading bagels, muffins, cups, flavoring and other supplies.

61. At no time was Plaintiff Bailon given breaks for more than 15 minutes.

62. At all times relevant, defendants failed to provide Plaintiff with accurate wage statements or explanations of how her wages were calculated in violation of NYLL § 195(3).

63. At all times relevant, defendants failed to provide Plaintiff with accurate wage notices as required on February 1 of every year in violation of NYLL § 195(1).

64. At all times relevant, defendants have failed to pay Plaintiff in accordance with the minimum wage provisions of FLSA, 29 U.S.C. § 206 and NYLL § 652.

65. At all times relevant, defendants failed to pay Plaintiff at the overtime rate for all hours in excess of forty (40) hours per workweek, in violation of the overtime provisions of FLSA, 29 U.S.C. § 207 and NYLL §§650 *et seq.* and regulations promulgated thereunder.

66. At all times relevant, defendants failed to provide Plaintiff with adequate meal breaks in violation of NYLL §§162 *et seq.*

67. At all times relevant, defendants failed to pay Plaintiff the spread of hours premium in violation of NYLL.

68. Further, Plaintiff was denied sick days.

69. Further, Plaintiff was unlawfully denied sick days when she requested time off to care for her sick child.

70. At all times relevant defendants failed to pay Plaintiff sick days in violation of NYLL.

71. Additionally, Plaintiff was subjected to a disparate workload, being assigned the most onerous work, such as excessive cleaning and restocking, because of her perceived immigration status.

72. On or about October 2, 2021, Plaintiff was fired by Defendant Mohammad LNU due to her perceived immigration status.

9

**FLSA COLLECTIVE ACTION ALLEGATIONS**

73. Named Plaintiff brings her first and second claims for relief as a collective action under Section 16(b), 29 U.S.C. § 216(b) of the FLSA on behalf of all hourly workers employed by Defendants at Dunkin Donuts between on or about July 2014 and the date of final judgment in this matter that elect to opt-in to this action. Such Plaintiffs are hereinafter referred to as the "FLSA Collective Plaintiffs."

74. Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully within the meaning of FLSA, 29 U.S.C. § 216.

75. At all times relevant to this complaint, and upon information and belief, named Plaintiff and the FLSA Collective Plaintiffs are and/or have been similarly situated, and have had substantially similar compensation provisions. Thus, the claims of Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

76. Named Plaintiff and the FLSA Collective Plaintiffs have been subject to Defendants' policies and practices of willfully failing to pay them in accordance with minimum wage requirements in violation of FLSA, 29 U.S.C. § 206.

77. Named Plaintiff and the FLSA Collective Plaintiffs have been subject to Defendants' policies and practices of willfully failing to pay overtime at a rate of one and a half times their hourly rate for hours worked in excess of forty (40) per workweek in violation of FLSA, 29 U.S.C. § 207.

78. For notice and all other purposes related to claims brought under FLSA, 29 U.S.C. § 216(b), the names and addresses of the FLSA Collective Plaintiffs are available from Defendants' records. Notice can be provided via first class mail to the last address known to Defendants for each of the FLSA Collective Plaintiffs.

## RULE 23 CLASS ALLEGATIONS

79. Plaintiff brings her third, fourth, fifth, sixth, seventh and eighth claims for relief pursuant to Rule 23 of the Fed. R. Civ. P., on behalf of all hourly workers employed by Defendants at Dunkin Donuts Stores between the limitation period and the date of final judgment in this matter.

80. All such persons shall hereinafter be referred to as the "Class." The Class members are readily ascertainable since the identity, addresses, time records, work schedules, positions and rates of pay for each Class member are determinable from the Defendants' records that were required to have been kept under FLSA and NYLL. Notice can be provided pursuant to Rule 23 of the Fed. R. Civ. P.

81. Joinder of all Class members is impracticable since, upon information and belief, there are more Class members. The exact number of Class members is presently unknown to Plaintiff since all facts and records necessary for precise calculation are in the sole possession and control of the Defendants. Because of the foregoing, it will benefit the parties to address their claims as a Class.

82. The Plaintiff's claims are typical of those claims which could be alleged by any member of the Class. The relief sought by Plaintiff is typical of the relief which would be sought by each member of the Class in separate actions. All Class members were subject to the same policies and practices alleged herein including Defendants' failure to pay minimum wages, failure to pay overtime, and failure to provide wage statements and notices. The aforesaid policies and practices of defendants similarly affect all Class members. Plaintiff and Class members have sustained similar injuries and damages as a result of Defendants' unlawful acts and/or omissions.

83. Plaintiff is fit to fairly and competently represent and protect the interests of the Class. For the purposes of this action, Plaintiff has no interests that conflict with those of the Class.

Plaintiff's attorneys have considerable experience in the field of employment litigation as well as class action litigation.

84. Disposition of Plaintiff's claims as a class action is superior to any other available means of adjudication for the foregoing reasons:

- Class members are low-wage workers who individually lack the necessary resources to effectively litigate against a corporate Defendant;
- A class action is in the interests of judicial economy as individual litigation would result in the expenditure of considerable public resources;
- Injuries suffered by each Class member individually are small in comparison to the cost of individual litigation, dissuading and precluding redress of their claims;
- The claims shared by Class members involve important public policy interests that would otherwise go unaddressed due to aforesaid barriers to and limitations of individual litigation, and;
- A class action will provide anonymity for those Class members whose fear of retaliation would otherwise dissuade them from asserting their rights. Upon information and belief, some Class members are still employed by Defendants.

85. Questions of law and fact are common to all Class members and predominate over those of any individual Class member, including:

- Whether Plaintiff and Class members were paid minimum wages;
- Whether Plaintiff and Class members were paid spread of hours premium;
- Whether Plaintiff and Class members were paid the required overtime rate of one and one half times their hourly rate for all hours worked in excess of (40) per workweek;

12

- Whether Defendants complied with the record-keeping requirements of NYLL;

- Whether Defendants had any method to keep track of the hours Plaintiff and Class members worked;

- Whether Defendants engaged in a fraud to deprive workers of overtime through the use of multiple employee codes for each employee.

- Whether Plaintiff were afforded the required break time required under NYLL.

## **CLASSWIDE FACTUAL ALLEGATIONS**

86. Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully.

87. Defendants knew that the nonpayment of overtime would economically injure Plaintiff and violate federal and New York State laws.

88. Plaintiff and Class members regularly worked in excess of forty (40) hours per workweek.

89. Defendants unlawfully failed to pay Plaintiff in accordance with minimum wage requirements of federal and state law.

90. Defendants failed to provide Plaintiff and Class members with a statement with each payment of wages as required by §195 *et seq*. of the NYLL.

91. Defendants unlawfully failed to pay Plaintiff and Class members at the overtime rate as provided by the NYLL for all hours in excess of forty (40) in a workweek.

92. Defendants unlawfully failed to pay Plaintiff and Class members at the spread of hours premium rate as provided by NYLL for all days when Plaintiff worked more than ten hours.

93. Defendants unlawfully denied Plaintiff and Class members paid sick days as provided by the NYLL.

94. Defendants violated NYLL § 195(3) by failing to furnish Plaintiff with a statement with every payment of wages, listing gross wages, deductions and net wages.  In addition, defendants failed to furnish an explanation of how such wages were computed when Plaintiff requested such an explanation.

95. Defendants violated NYLL § 195(1) by failing to provide Plaintiff with a yearly notice which includes rates of pay including straight time and overtime; how and when Plaintiff are paid; the official name of Plaintiff' employer and any other names used for business; the address and telephone number of the employer's main office or principal location; and allowances taken as part of the minimum wage.

96. Defendants committed the foregoing acts against the plaintiff, FLSA Collective Plaintiff and members of the Class.

## FIRST CLAIM FOR RELIEF

**(FLSA Minimum Wage Claim, 29 U.S.C. §§ 201 *et seq.,* Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)**

97. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

98. At all times relevant, each Defendant has been, and/or continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

99. At all times relevant, Defendants employed Plaintiff and FLSA Collective Plaintiffs as "employees" within the meaning of FLSA, 29 U.S.C. § 203.

100. Defendants were required to pay Plaintiff and the FLSA Collective Plaintiffs at a rate not less than the minimum wage rate under the FLSA for all hours worked.

101. Upon information and belief, Defendants knowingly failed to pay Plaintiff and FLSA Collective Plaintiffs the required minimum wage under the FLSA for each hour worked.

102. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages for their unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(FLSA Overtime Claim, 29 U.S.C. § 201** *et seq.* **Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)**

103. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

104. Throughout the period covered by the applicable statute of limitations and upon information and belief, Plaintiff and other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

105. At all times relevant, and upon information and belief, Defendants have repeatedly and willfully failed to pay the named Plaintiff and the FLSA Collective Plaintiffs in accordance with the overtime provisions of the FLSA for work performed in excess of forty (40) hours per workweek.

106. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks and is entitled to recover damages for their unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

**(New York State Minimum Wage Act Claim, NYLL Article 19 §§ 650 *et seq.*, Brought by Plaintiff on Behalf of Herself and the Class)**

107. Plaintiff, on behalf of herself and those similarly situated, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

108. Throughout the period covered by the applicable statute of limitations and upon information and belief, Defendants knowingly paid Plaintiff less than the minimum wage as required by NYLL and the supporting regulations of the New York State Department of Labor.

109. Defendants did not pay the minimum wage for all hours worked by Plaintiff.

110. Upon information and belief, Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of the NYLL.

111. Plaintiffs seek to recover their unpaid compensation, liquidated damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**

**(New York State Minimum Wage Act - Overtime Claim, NYLL § 650 *et seq.*, Brought by Plaintiff on Behalf of Herself and the Class)**

112. Plaintiff, on behalf of herself and those similarly situated, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

113. Throughout the period covered by the applicable statute of limitations and upon information and belief, defendants willfully and repeatedly failed to pay Plaintiff at the overtime rate for hours worked in excess of forty (40) hours per workweek as required by NYLL.

114. Plaintiff seeks and is entitled to recover her respective unpaid compensation, damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

115. Plaintiff have been damaged in an amount as yet determined, plus liquidated damages.

## FIFTH CLAIM FOR RELIEF

**(Notice-and-Recordkeeping Requirements, NYLL § 195(3), Brought by Plaintiff on Behalf of Herself and the Class)**

116. Plaintiff, on behalf of herself and those similarly situated, repeat, reiterate, and incorporate each and every preceding paragraph as if set forth fully herein.

117. Defendants have failed to provide Plaintiff with wage statements or explanations of how her wages were calculated in violation of NYLL § 195(3).

118. Plaintiff have been damaged in an amount as yet determined, plus liquidated damages.

## SIXTH CLAIM FOR RELIEF

**(Notice-and-Recordkeeping Requirements, NYLL § 195(1), Brought by Plaintiff on Behalf of Herself and the Class)**

119. Plaintiff, on behalf of herself and those similarly situated, repeats reiterates, and incorporates each and every preceding paragraph as if set forth fully herein.

120. Defendants have failed to provide Plaintiff with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

121. Plaintiff has been damaged in an amount as yet determined, plus liquidated damages.

**SEVENTH CLAIM FOR RELIEF**

**(Violation Of The NYLL Spread-Of-Hours Provision Brought by Plaintiff on Behalf of Herself and the Class)**

122. Plaintiff on behalf of herself and those similarly situated, repeats, reiterates, and incorporates each and every preceding paragraph as if set forth fully herein.

123. At all times relevant Defendants has failed to pay Plaintiff one additional hour's pay for every day worked in excess of 10 hours per day under the New York Labor Law ("Spread-of-Hours" pay) as required by 12 N.Y.C.R.R. ¬ß 142-2.4.

124. By Defendants' failure to pay spread-of-hours, Defendants willfully violated the New York Labor Law Article 19, ¬ß¬ß 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

**EIGHTH CLAIM FOR RELIEF**

**(Sick Days, NYLL §§ 196(b), Brought by Plaintiff on Behalf of Herself and the Class)**

125. Plaintiff, on behalf of herself and those similarly situated, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

126. Throughout the period covered by the applicable statute of limitations, Defendants unlawfully deprived Plaintiff of sick days in violation of the NYLL.

127. Plaintiff and others similarly situated have been damaged in an amount as yet determined, plus liquidated damages.

**NINTH CLAIM FOR RELIEF**

**(Unlawful Discrimination in Violation of the NYCHRL Based On Perceived Immigration Status, Brought by Plaintiff on Behalf of Herself against Corporate Defendants and Mohammad LNU)**

128. Plaintiff repeats and realleges all the allegations in this complaint and specifically allegations as if set forth fully herein.

129. Based on those allegations, Corporate Defendants and Mohammad LNU discriminated and against Plaintiff on the basis of her perceived immigration status by subjecting her to a disparate workload and unlawful termination.

130. Due to Defendants' violation of the New York City Human Rights Law, Plaintiff is entitled to recover from Defendants damages in a sum to be determined by a jury.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA Collective Action members and the putative class requests relief as follows:

A. Designation of this action as a collective action for the purposes of the claims brought on behalf of the FLSA Collective Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class;

B. Designation of Plaintiff as representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to Rule 23 of the Fed. R. Civ. P. for the purposes of the claims brought on behalf of Class members;

D. An order declaring that Defendants violated the FLSA in the manners stated in this complaint;

E. An order declaring that Defendants' violations of the FLSA were willful;

F. An order declaring that Defendants violated the NYLL in the manners stated in this complaint;

G. An order declaring that Defendants' violations of the NYLL were willful;

H. An award of overtime compensation under the FLSA and NYLL;

I. An award of minimum wage compensation under the FLSA and NYLL;

J. An award of spread of hours premium under the NYLL;

K. An award of liquidated damages pursuant to the FLSA;

L. An award of damages for violations of NYLL 196(b);

M. An award of damages for violations of NYLL;

N. An award of damages for violations of NYCHRL;

O. All penalties available under the applicable laws;

P. Attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663 and all other applicable statutes;

Q. Interest as provided by law; and

R. Such other relief as this Court deems just and proper.

## JURY TRIAL

Plaintiff demands a jury trial for all causes of action and claims for which she has a right to a jury trial.

Dated: New York, New York
February 16, 2022

Respectfully submitted,

MIRER MAZZOCCHI & JULIEN, PLLC

By: Ria Julien
Attorney for Plaintiff
1 Whitehall St., 16th floor
New York, NY 10004
(212) 231-2235
rjulien@mmsjlaw.com

20