# WAGE SETTLEMENT AGREEMENT AND RELEASE

Adriana Jaramillo Bailon on the one hand, and QSR Management LLC, Hylan Quintard LLC, Rossville Woodrow LLC, Amboy-Clarke LLC and Anton Nader ("Defendants"), on the other hand, desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1. **Definition of Parties**

    a.  "Plaintiff" shall be defined as Adriana Jaramillo Bailon.

    b.  "Defendants" shall be defined as QSR Management LLC, Hylan Quintard LLC, Rossville Woodrow LLC, Amboy-Clarke LLC and Anton Nader, and any related individuals or entities.

    c.  "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff on February 17, 2022 in the United States District Court, Eastern District of New York, Civil Action No. 22-cv-00879.

2. **Consideration, Filing The Stipulation of Dismissal and Continuing Jurisdiction**

In consideration for Plaintiff's signing this Agreement and the release of all claims herein, Defendants agree as follows:

    a.  Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all wage claims released pursuant to, and as defined herein, including all pertinent counsel fees and costs incurred by Plaintiff, the gross sum of Sixty-Two Thousand Five Hundred and Fifty Dollars and Zero Cents ($62,500.00) (the "Settlement Amount") to be paid within fourteen (14) days of the approval of the Court of this Wage Settlement Agreement. The payment set forth above shall be sent to the office of Julien Mirer & Singla, PLLC to the attention of Ria Julien, Esq., such office being located at 1 Whitehall Street, 16th Floor, New York, NY 10004. The Settlement Amount will be paid by one check in the amount of $62,500.00 made payable to Julien Mirer & Singla, PLLC."

    b.  If there is a default in making the payments set forth herein, Plaintiff or her counsel, will give Defendants written notice of said default, by sending a notice of default to Defendants' attorneys by email to David Weissman, Esq. at dweissman@eckertseamans.com. Defendants will have seven (7) days from receipt of such notice to cure the default (the "Cure Period").

    c.  <u>Within one (1) business day of Plaintiff's Attorneys' receipt of the Payment pursuant to Section 2, Plaintiff shall file the Stipulation of Partial Dismissal, dismissing the Wage Claims in this action.</u>

    d.  If Defendants do not cure the default within seven (7) days of the notice, or if Defendants fail to pay the Wage Settlement Amount as set forth in Section 2, after opportunity to cure, or if the Court declines to approve this Agreement,

1

this entire Agreement, including the release provisions of Section 3 shall be rendered null and void. In that event, this Court shall have continuing jurisdiction over the claims released herein, and Plaintiff shall be entitled to prosecute the action *Baillon v. QSR Management, LLC, et al* and bearing Civil Action Number 22-cv-00879 as though the instant Agreement had never been entered into. In such event, the Partial Stipulation of Dismissal shall not be filed.

### 3. No Consideration Absent Execution of This Agreement

Plaintiff understands and agrees she would not receive the monies and/or benefits specified in Paragraph 2, except for her execution of this Agreement and the discontinuance of the Action with prejudice.

### 4. Release of Wage Claims by Plaintiff

Plaintiff knowingly and voluntarily releases and forever discharge Defendants of and from any and all wage and hour claims in connection with Plaintiff's employment by Defendants, as of the date of execution of this Agreement, consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

### 5. Acknowledgments and Affirmations

Plaintiff affirms that in the Action, she has asserted a claim seeking unpaid wages or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation, or basis, and affirms that there is a bona fide dispute as to such claims, which are being settled and released by this Agreement. Plaintiff believes that this settlement is fair and reasonable, and authorizes her attorney to seek court approval of the settlement as fair and reasonable within the meaning of the FLSA and other applicable laws/regulations, and the dismissal of the Action with prejudice.

### 6. Governing Law and Interpretation

This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breach any provision of this Agreement, Plaintiff and Defendants affirm that any party may institute an action specifically to enforce any term(s) of this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s).

### 7. Amendment

This Agreement may not be modified, altered or changed without the express written consent of all parties wherein specific reference is made to this Agreement.

8. **Resolution of Disputes**

The parties agree that the court shall retain jurisdiction to resolve any disputes arising out of this Agreement and the settlement of this Action.

9. **Non-admission of Wrongdoing**

The parties agree that neither this Agreement, nor the furnishing of the consideration for this Agreement, shall be deemed or construed at any time for any purpose as an admission by any party of any liability or unlawful conduct of any kind.

Plaintiff expressly acknowledges that the acts alleged in the Complaint were done without the knowledge, consent, or direction of Defendants, nor any members of management, principals, ownership, or affiliates, of Defendants.

10. **Entire Agreement**

This Agreement sets forth the entire agreement between the parties, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges she has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

11. **Section Headings**

Section headings are for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Legal Fees**

Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement, and delivery of this Agreement.

13. **Joint Participation in Preparation of Agreement**

The parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14. **Competency to Waive Claims.**

At the time of considering and executing this Agreement, Plaintiff acknowledges and agrees she was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff acknowledges and agrees that she is competent to execute this Agreement.

15. **Counterpart Signatures.** This Agreement may be signed in counterparts, provided that each Party receives a copy fully signed by the other Party. Electronic signatures such as fax or .pdf or .tiff files and Docusign files shall be given the same force and weight as if they were original signatures.

16. **Effective Date.** This Agreement shall become effective as of the date of the Order of the Court approving this Agreement.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below.

**PLAINTIFF:**
**ADRIANA JARAMILLO BAILON**

By: _____

Date _____

**DEFENDANT:**
**QSR MANAGEMENT LLC**

By: *Anton Nader*

Print Name   Anton Nader

Title   Managing Member

Date   7/22/2022

**DEFENDANT:**
**HYLAN QUINTARD LLC**

By: *Anton Nader*

Print Name   Anton Nader

Title   Managing Member

Date   7/22/2022

4

**DEFENDANT:**
**ROSSVILLE WOODROW LLC**

By: *Anton Nader*

Print Name  Anton Nader

Title  Managing Member

Date  7/22/2022

**DEFENDANT:**
**AMBOY-CLARKE LLC**

By: *Anton Nader*

Print Name  Anton Nader

Title  Managing Member

Date  7/22/2022

**DEFENDANT:**
**ANTON NADER**

*Anton Nader*

Date  7/22/2022